

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANIELLE ANN LOZANO, | § | No. 08-14-00209-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 291st District Court |
| | § | |
| | § | of Dallas County, Texas |
| THE STATE OF TEXAS, | § | |
| | § | (TC# F-14-33307-U) |
| | § | |
| Appellee. | § | |
| | § | |

**O P I N I O N**

Danielle Ann Lozano appeals the trial court's judgment convicting her of fraudulent use or possession of identifying information as charged in the indictment.[1] Appellant entered a guilty plea and the trial court assessed her punishment at imprisonment for a term of seven years.[2] We affirm as modified/reformed.

**FACTUAL AND PROCEDURAL BACKGROUND**

After being indicted for the offense identified above, Appellant entered an open plea of guilty before the judge. In conjunction with her open plea, Appellant judicially confessed and

---

[1] We hear this case on transfer from the Fifth Court of Appeals in Dallas and apply that court's precedent where our precedent would otherwise be inconsistent. *See* TEX.R.APP.P. 41.3.

[2] Lozano is also appealing the trial court's judgment in a companion case tried concurrently with this case. In the companion case, appellate cause No. 08-14-00208-CR, she appeals the revocation of her probation for burglary of a habitation.

signed plea admonishments, which adequately informed her of her rights. In the written Court's Admonishments, Appellant waived her rights and acknowledged that her "statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." At the plea hearing, the trial court ascertained that Appellant understood the charge against her and the accompanying range of punishment. The trial court then heard testimony from Appellant, her mother, and two of her probation officers. Appellant admitted she was pleading guilty, accepted responsibility for her crime, and requested probation. After listening to closing arguments, the trial court found Appellant guilty and sentenced her to seven years' imprisonment.[3] *See* TEX.PENAL CODE ANN. § 32.51(b)(1),(c)(2),(c-1)(1)(West Supp. 2014) (fraudulent use or possession of five to ten pieces of identifying information committed against an elderly individual). When asked by the trial court if there was any legal reason why Appellant's sentence could not be pronounced then and there, defense counsel answered in the negative.

## REFORMATION OF THE JUDGMENT

Appellant's court-appointed counsel has filed a brief in which the sole point of error is the judgment should be modified to properly reflect Appellant's conviction was the result of an open plea instead of a plea bargain.[4]

We note that the judgment reflects that a seven-year sentence was imposed as the result

---

[3] This sentence ran concurrent with Appellant's companion case 08-14-00208-CR.

[4] Counsel was also appointed to represent Lozano in the companion case identified in footnote two. In that case, counsel filed an *Anders* brief.

of a plea bargain. Appellant contends we should reform the judgment to show there was no plea bargain agreement. The State joins in Appellant's request that we reform the judgment to reflect that Appellant entered an open plea and did not plead guilty pursuant to a plea bargain. The trial court's judgment erroneously recites "Terms of Plea Bargain: 7 YEAR PENITENTIARY." However, Appellant entered an open plea of guilty before the judge and there was no agreement on punishment between the State and Appellant. Further, the clerk's records in cause number F-14-33307-U contain the trial court's certifications that the case is not a plea-bargain case. As the State concedes reformation is appropriate, we consequently reform the judgment to show "Open Plea: 7 Years Penitentiary." *See* TEX.R.APP.P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993)[en banc]; *Asberry v. State,* 813 S.W.2d 526, 529-30 (Tex.App.--Dallas 1991, pet. ref'd). Appellant's sole point of error is sustained.

Accordingly, as modified, we affirm the judgment of the trial court.


November 4, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)